## George v. George

*Hirst & Mullaney*, for plaintiff; *William A. Gray*, for defendant.

ALESSANDRONI, J., October 5, 1934.—The petition avers that the judgment entered in this matter is secured upon premises 1218 S. Tenth Street, Philadelphia, which constituted the sole realty in the defendant's estate at the time of her death, and that her personal estate is hopelessly insolvent; that the plaintiff's judgment in this proceeding is in excess of the value of said parcel of real estate, and the taxes for the years 1933 and 1934 have not been paid thereon; that the executrix of the defendant's estate, Pauline Holmes, has collected $330 from the premises in question, for which she has failed to account to the plaintiff; and further that the said Pauline Holmes has filed a petition for rule to open judgment but has failed to proceed to take depositions thereon, because the rule was brought by her solely to harass the plaintiff. The petition concludes with a prayer that Pauline Holmes be compelled to pay the sum of $330, as well as any further rentals, into court pending determination of the rule to open judgment, and that she be required to show cause why depositions should not be taken.

An answer was filed to the petition, alleging that the plaintiff has used and occupied the premises in question for such a period of time that there is now due and owing Pauline Holmes as a tenant in common the sum of $300 as rental for the premises. It is further stated that the averment that Pauline Holmes had acquired machinery of the value of $250 as a result of a constable's sale, which formed part of the petitioner's claim, is not true as the machinery therein purchased was purchased from one William Hood, who had purchased the machinery at a constable's sale. The answer further avers that $27, constituting half of the rental received from the estate of one James Carugno, was given to the petitioner and that depositions have not been taken on the rule to open judgment due to the necessity of making further investigation concerning the judgment note. The answer denied that any sum was due the plaintiff.

We know of no legal justification for the presentation of a petition of this nature in the common pleas court. The petition is in the nature of a request for an accounting, for which a proper remedy is provided. Our practice does not permit a request for an accounting to be made by a petition for a rule to show cause why a certain fund should not be paid into court. Moreover, no facts are alleged which would require that any sums received by Pauline Holmes as executrix of defendant's estate should be paid into court. The petitioner has available the remedy of proceeding in the proper manner for an accounting.

In addition to the foregoing reasons, however, the answer contains averments that plaintiff is indebted to Pauline Holmes, and that she is not indebted to him. The rule was argued upon petition and answer, and therefore the averments of the answer must be taken as true. For this additional reason, therefore, the rule must be discharged.

And now, to wit, October 5, 1934, the rule to show cause why the executrix of the defendant's estate should not pay money into court is discharged. It is ordered that the said Pauline Holmes proceed sur her petition to open judgment without further delay.

NOTE.—This case was affirmed by the Supreme Court on April 1, 1935.